UNITED STATES *v.* NINETY DEMIJOHNS OF RUM.

*(Circuit Court, S. D. Florida.* December, 1880.)

1. CUSTOMS REVENUE LAWS—EX PARTE HEARING—ACT OF JUNE 22, 1874, § 16, (18 ST. 189,) CONSTRUED.

The necessity of finding fraud to justify forfeiture under customs revenue laws, as provided by section 16, act of June 22, 1874, is not confined to cases where issue has been joined, but applies equally to cases heard *ex parte* under the twenty-ninth admiralty rule.

2. SAME—PLEADING..

Without averment of fraud no forfeiture is made under such laws.

3. SAME—*DEMIJOHN* NOT A "BOTTLE."

A *demijohn* is not a *bottle,* in the meaning of the law, so as to require them to be packed in packages of one dozen each.

4. LIQUORS IMPORTED IN DEMIJOHNS—IMPORT DUTY.

There is no provision of law prohibiting the importation of liquors in demijohns, and so imported they would be classed among those "not otherwise provided for," and pay a duty of two dollars per proof gallon,

In Admiralty.

The libel alleges that said 90 demijohns of Spanish rum, or *aguadiente,* were brought into the port of Key West on the twenty-sixth of March, 1879, on a Spanish schooner, consigned in the manifest "to order;" that it was imported into the United States from Cardenas, Cuba, in large bottles, to-wit, demijohns, and the same were not packed in packages of one dozen bottles in each package, as required by section 2504, schedule D, of the Revised Statutes of the United States, whereby it became forfeited to the United States, and the collector of customs of said port had seized it as so forfeited. It appears from the record of the proceedings of the district court that, upon proclamation being made, no person appeared to claim any portion of the property seized. The court thereupon proceeded to hear the cause *ex parte* upon the allegations of the libel and proofs, and on such hearing dismissed the libel. Whereupon, an appeal was taken in behalf of the United States to this court.

*G. Bowne Patterson,* U. S. Atty., for the United States, who cited *Von Catzhausen* v. *Nazra,* 25 Int. Rev. Rec. 342.

No counsel for appellee.

WOODS, C. J. The record does not contain the proofs. By the twenty-ninth admiralty rule, prescribed by the supreme court of the United States, if the defendant—

"Shall omit to make due answer to the libel on the return-day of the process, or other day assigned by the court, the court shall pronounce him to be in

contumacy and default, and thereupon the libel shall be adjudged to be taken *pro confesso* against him, and the court shall proceed to hear the cause *ex parte*, and adjudge thereon as to law and justice shall appertain."

This was the course taken by the court in this case, and upon such hearing the libel was dismissed. Conceding that the averments of the libel make a case for a decree of forfeiture, the "proofs" may, for all that appears, have negatived those averments. If so, both law and justice should require that the libel be dismissed. All presumptions are in favor of the decree of the court. It is, therefore, impossible for this court to say that the district court erred, unless we have the evidence on which that court based its decree. The record does not disclose that evidence.

But does the libel suggest such a case as would justify a forfeiture? By section 16 of the act approved June 22, 1874, (18 St. 189,) it is provided that—

"In all actions, suits, and proceedings in any court of the United States now pending, or hereafter commenced or prosecuted, to enforce or declare the forfeiture of any goods, wares, or merchandise * * * by reason of any violation of the provisions of the customs revenue laws, or any of such provisions in which said action or proceeding an issue or issues of fact shall have been joined, it shall be the duty of the court, on the trial thereof, to submit to the jury, as a distinct and separate proposition, whether the alleged acts were done with an actual intention to defraud the United States, and to require, upon such proposition, a special finding by such jury; or, if such issue be tried by the court without a jury, it shall be the duty of the court to pass upon and decide such proposition as a distinct and separate finding of fact; and in such cases, unless intent to defraud be so found, no fine, penalty, or forfeiture shall be imposed."

I think it perfectly clear that this section makes intent to defraud the United States a necessary condition to the forfeiture of any goods, etc., for the violation of the customs revenue laws. A libel of information, therefore, which undertakes to state a case for the forfeiture of goods, should aver an intent to defraud the United States. Without such averment no case for forfeiture is made. The claimant might well decline to answer a libel in which such averment was wanting, trusting to the court to dismiss the libel, for want of necessary averments, when it came to hear the case *ex parte*, and to adjudge thereon "as to law and justice should appertain." The idea that a libel would be good when there was default for want of an answer which would be bad, if an answer were filed and issue joined, is certainly untenable. The libel must set up all the facts necessary

to a forfeiture.   If it fails to do this, it is the duty of the court to dismiss it, whether issue is joined or not.

The libel in this case fails to aver an intent to defraud the United States.   It was, therefore, fatally defective, and could not support a decree of forfeiture.   It was properly dismissed.   But, as I construe the statute on which the libel is based, no violation of the law whatever, is charged.   Section 2504, schedule D, of the Revised Statutes, on which the libel is predicated, declares:

"And wines, brandy, and other spirituous liquors imported in bottles shall be packed in packages containing not less than one dozen bottles in each package, and all such bottles shall pay an additional duty of three cents for each bottle."

The only way in which this provision of the law can be made applicable to the facts charged in the libel, is by assuming that a demijohn containing over four gallons is a bottle, within the meaning of the law.   That is not what is understood by a bottle in common parlance, nor, in my judgment, what the statute means by it.   A demijohn is a glass vessel with a large body and small neck, enclosed in wicker-work.   That the statute does not include four-gallon demijohns under the term bottles, is clear; because, if not impossible, it would be exceedingly inconvenient and cumbersome to pack not less than one dozen such demijohns in one package, as the statute requires to be done.

There is no provision of the statute forbidding the importation of liquor in demijohns.   Having provided for the duty upon wines imported in casks and bottles, and spirituous liquors imported in bottles, the statute imposes as a duty on "brandy and other spirits manufactured or distilled from grain or other materials, and not otherwise provided for, two dollars per proof gallon."   This would clearly include spirits imported in demijohns.

My conclusion is, therefore, that the importation of rum in four-gallon demijohns, and the failure of the importer to pack his four-gallon demijohns in packages of not less than one dozen in each package, was not a violation of the provisions of schedule D, § 2504, of the Revised Statutes, and the libel does not set up any ground of forfeiture, and on that account was properly dismissed.   If there had been a failure to observe the provisions of section 2504, I am of opinion that the goods imported would have been liable to forfeiture to the United States by virtue of section 3082 of the Revised Statutes, which declares that "if any person shall fraudulently or knowingly import * * * into the United States * * * any merchandise

contrary to law,   *   *   *   such merchandise shall be forfeited," etc. But even in that case it would be necessary to aver a guilty knowledge on the part of the importer, which in this case is not done.

The result of these views is that the libel must be dismissed, and it is so ordered.